The Board of Commissioners of Jackson County *v.* Elliott.

Soldier's Widow.—*Relief.*—Since the 3d·of March, 1866, widows of soldiers who died of disease contracted in the military service of the United States cannot, under the statute of March 4th, 1865, as a matter of right, enforce any claim against a county on account of said services.

APPEAL from the Jackson Circuit Court.

Worden, J.—In June, 1869, the appellee commenced this action in the circuit court, against the appellant, to recover money claimed to be due her as the widow of Rawley A. C. Elliott, a non-commissioned officer in the military service of the United States, and who died of disease contracted in such service. Her claim was based on the act of March 4th, 1865, for the relief of the families of soldiers, etc. Acts 1865, Regular Session, 93.

The appellant resisted the claim, but such proceedings were had as that it was allowed by the court; and the appellant excepted and brings the case here.

In the case of *Sims* v. *The Board of Commissioners of Monroe County, ante,* p. 40, we have decided that by the act of December 20th, 1865 (Acts 1865, Special Session, 59), the former law was so far repealed and modified as that on and· after the 3d day of March, 1866, all disbursements under the former law ceased; and that after that date it was discretionary with the commissioners to make or not make allowances in any given case, under the provisions of

the latter statute; in other words, it was decided that after the 3d of March, 1866, such widows could not enforce any claim against the county under those statutes, as a matter of right.

It follows that the judgment below is erroneous and must be reversed.

The judgment below is reversed, with costs, and the cause remanded.

*J. B. Brown,* for appellant.

*Alspaugh & Baynes* and *J. R. Troxell,* for appellee.